IN THE CIRCUIT COURT OF GRENADA COUNTY, MISSISSIPPI

ESTHER ORRELL JACKSON, AS REPRESENTATIVE
OF THE WRONGFUL DEATH BENEFICARIES AND
AS EXECUTRIX OF THE ESTATE OF BETTY
ORRELL KRONE, DECEASED                                          PLAINTIFFS

VS.                                          CIVIL ACTION NO. 2014-158CVL

GRACE HEALTH & REHAB OF GRENADA, LLC AND
ARK MISSISSIPPI HOLDING COMPANY, LLC D/B/A
GRACE HEALTH & REHAB OF GRENADA AND
JOHN DOE OWNERS 1-10                                            DEFENDANTS

## COMPLAINT

Comes the Plaintiffs, Esther Orrell Jackson, as Representative of the Wrongful Death Beneficiaries and as Executrix of the Estate of Betty Orrell Krone, Deceased, by and through the undersigned counsel, and for her cause of action against the Defendants herein, states and alleges as follows:

### I. INTRODUCTION

1. This is an action for damages, including both survival and wrongful death actions, arising from the negligent treatment, abuse, neglect, and wrongful death of Betty Orrell Krone while she was a resident of Grace Health & Rehab of Grenada that began on or about May 1, 2012 until her transfer to Grenada Lake Medical Center on July 10, 2012 and her untimely death on July 11, 2012.

### II. PARTIES

2. Esther Orrell Jackson is an adult resident of Grenada County, who was the sister of Betty Orrell Krone, Deceased. Following the death of Betty Orrell Krone, Letters Testamentary were issued to Esther Orrell Jackson by the Chancery Court of Grenada County, Mississippi on August 26, 2013.



**FILED**

APR 3 0 2014

LINDA BARNETTE, CIRCUIT CLERK
By: _____ D.C.

3. Upon information and belief, Grace Health & Rehab of Grenada, LLC, is a Limited Liability Company, created in the State of Delaware, authorized to do business in the State of Mississippi, that operates Grace Health & Rehab of Grenada, a long term skilled nursing facility located at 1966 Hill Drive, Grenada County, Grenada, Mississippi, and may be served with process through its registered agent, CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, MS 39232. Upon information and belief, Grace Health & Rehab of Grenada, LLC, was at all times pertinent to this action, and remains, a proprietary for profit entity engaged in the operation of Grace Health & Rehab of Grenada that was held out to the public to "specialize' in the care of vulnerable individuals who are chronically infirm, mentally dysfunctional, and/or in need of skilled nursing care and treatment. Grace Health & Rehab of Grenada may be served with process of this Court by perfecting personal service on its Administrator at the facility located at 1966 Hill Drive, Grenada, Mississippi 38901.

4. Upon information and belief, Ark Mississippi Holding Company, LLC, is a Limited Liability Company created in the State of Delaware, and authorized to do business in the State of Mississippi, is a member of Grace Health & Rehab of Grenada, LLC, who owns, operates and/or manages the nursing home, Grace Health & Rehab of Grenada. Ark Mississippi Holding Company, LLC is a proprietary for profit organization and may be served with process of this Court by serving its registered agent, CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

5. John Doe Owners 1 through 10, hereinafter covered by the term "owner" are upon information and belief entities and/or individuals, identity and residency currently

2

unknown or indefinite, who owned, controlled, and/or managed Grace Health & Rehab of Grenada during the residency of Betty Orrell Krone, Deceased. Plaintiff reserves the right to identify or change the identity of these defendants based upon discovery.

## III. GENERAL FACTUAL ALLEGATIONS

6. Betty Orrell Krone was a resident of Grace Health & Rehab of Grenada where she remained until her transfer to Grenada Lake Medical Center in Grenada, Mississippi, and subsequent death on July 11, 2012.

7. Upon her admission to Grace Health & Rehab of Grenada, Betty Orrell Krone:

   a. Had risk factors indicating she was in need of close supervision;

   b. Had risk factors indicating she was susceptible to developing respiratory issues due to her being bedridden;

   c. Had difficulty swallowing and breathing and failed to timely notify her treating physician and/or family and as a result of the failure of the employees, staff, and/or agents of Grace Health & Rehab of Grenada to so notify which resulted in Ms. Krone to aspirate, and causing her condition to deteriorate, acquiring pneumonia which ultimately lead to sepsis which was a proximate contributing cause to her death.

   d. On July 9, 2012, the nursing staff was had knowledge of Ms. Krone having difficulty swallowing her medications that morning although no actions were taken which lead to a delay in notification of her treating physician and receiving adequate care that could have prevented her condition from further deteriorating.

8. The Defendants knew or should have known of Mrs. Krone's condition including the

3

matters set forth in the preceding paragraph.

9. During the time Betty Orrell Krone was a resident of Grace Health & Rehab of Grenada:

   a. Suffered pain, mental anguish, medical expenses and bodily disfigurement as a result of the surgically inserted hardware in the medial aspect of her right ankle being exposed due to the skin and tissue breakdown;

   b. Experienced pain, mental anguish, medical expenses, dysphasia, shortness of breath, hypotension, tachycardia; elevated respiratory rate and very low oxygen saturation level of 58% (without oxygen being used) which resulted in her having discoloration of her finger tips and lips, all as a result of the failures of the employees, staff and/or agents of Grace Health & Rehab of Grenada to render aid, care and notify the physician of substantial changes in condition, which required Mrs. Krone to be transferred to Grenada Lake Medical Center ER where she was assessed and admitted;

   c. Upon admission to Grenada Lake Medical Center, Mrs. Krone was found to be obtunded and was diagnosed with acquired right lower lobe aspiration pneumonia, which caused Mrs. Krone to acquire sepsis, hypotension, and lead to her untimely death on July 11, 2012, all as a result of deviations in the standards of care by the Defendants.

10. The conduct described in this Complaint was continuing successive, consecutive and repeated throughout Mrs. Krone's residency at Grace Health & Rehab of Grenada and demonstrates an ongoing pattern of neglect and/or abuse affecting Mrs. Krone.

**COUNT I**

4

## NURSING HOME AND OWNER CONDUCT AND LIABILITY

11. Plaintiff incorporates by this reference the previous paragraphs of this Complaint as if fully re-written herein;

12. All of the other Defendants were agents of Grace Health & Rehab of Grenada. The Defendants are responsible for the torts of their agents.

13. The Defendants held themselves out to the state and federal government and to the public to be a specialist in the field of adult nursing care, with the expertise, staff and resources necessary to maintain the health and safety of persons unable to care adequately for themselves;

14. The Defendants had a duty to provide reasonable and adequate health care to Mrs. Krone consistent with existing community standards;

15. At all times pertinent hereto, Mrs. Krone was a resident of Grace Health & Rehab of Grenada pursuant to the terms of the Resident Admission Agreement, and as such, was under the control and care of the Defendants' employees, agents, officers, and servants;

16. The Defendants, their officers, agents, and employees, failed, refused, or neglected to perform their duties to provide reasonable and adequate health care to and for Mrs. Krone, who was unable to attend to her own health and safety;

17. The Defendants, their employees, agents, officers, and servants, negligently and carelessly provided care and treatment to Mrs. Krone and all of the alleged acts, omissions, and occurrences herein described were performed by their employees, agents, officers, and servants within the course and scope of their agency and employment with defendants and in furtherance of Defendants' business;

18. While Mrs. Krone was a resident at Grace Health & Rehab of Grenada, she was subjected to

5

actions set out in this Complaint and sustained serious injuries having occurred as a direct result of the improper care provided by Defendants, and/or their employees, agents, and representatives, including mental and physical injury and pain and suffering;

19. While Mrs. Krone was a resident at Grace Health & Rehab of Grenada, she sustained serious injuries including, emotional trauma, and physical injuries including, but not limited to, dysphagia, dyspnea, hypotension, tachycardia, elevated respiratory rate, very low oxygen saturation, to turn purple indicating respiratory distress, developed pneumonia, aspiration pneumonitis, sepsis, and her untimely death. Said injuries having occurred as a direct result of the improper care provided by the Defendants and/or their agents or representatives;

20. Upon information and belief, the negligence of the Defendants included, but was not limited to, the following, to-wit:

    a. Failure to adopt and apply adequate policies and guidelines for determining whether sufficient numbers of properly qualified and trained personnel were available meet the total needs of Mrs. Krone in conjunction with the needs of other residents of Grace Health & Rehab of Grenada;

    b. Failure to adopt and apply adequate policies and guidelines for addressing insufficiencies in the numbers of properly qualified and trained personnel were available meet the total needs of Mrs. Krone in conjunction with the needs of other residents of Grace Health & Rehab of Grenada;

    c. Failing to provide sufficient numbers of adequately trained personnel to provide appropriate nursing care to Mrs. Krone and other residents in accordance with appropriate resident care plans to provide:

1. proper observation to be aware of changes in Mrs. Krone's physical and mental condition;

2. prescribed care, treatment, and medication;

3. treatment for prevention of skin breakdown and for promotion of healing of skin breakdown:

4. proper respiratory support when she exhibited signs and symptoms of respiratory distress;

5. treatment for prevention of infection and for promotion of healing of infections which developed;

6. notification to her medical provider and family of her changes in condition;

7. to provide necessary emergent medical care when she had a decline in her physical condition;

d. Providing, or recommending, an insufficient number of trained and competent staff as evidenced by the continuous understaffing;

e. Condoning the failure of employees to immediately report to supervisory personnel matters related to Mrs. Krone's condition which needed attention;

f. Condoning the failure to notify Mrs. Krone's physician and her family in a timely manner of matters which affected her health and well-being;

g. Failure to follow physicians orders or to follow orders in a timely manner;

h. Failing to ensure the proper training of employees;

i. Failing to ensure proper training for employees to deal with residents, including Mrs. Krone, who were unable to care for themselves;

7

j. Failing to ensure proper training of employees to recognize medical conditions/symptoms which required additional treatment for Mrs. Krone, which required her transfer to the hospital and/or which hastened her untimely death;

k. Condoning and thus allowing, untrained/unlicensed or inadequately trained individuals to provide care to Mrs. Krone;

l. Providing untrained/unlicensed or inadequately trained personnel to care for residents of a skilled nursing facility including Mrs. Krone;

m. Failure to establish, publish and adhere to proper policies and procedures for the care of residents with similar needs and condition to Mrs. Krone;

n. Failing to properly supervise those employees directly responsible for developing and maintaining an appropriate care plan to meet Mrs. Krone's medical, nursing, mental and psychosocial needs;

o. Failing to develop and maintain an appropriate care plan to meet Mrs. Krone's medical, nursing, mental and psychosocial needs.

p. Failing to adhere to an appropriate care plan for Mrs. Krone;

q. Failing to conduct appropriate and adequate assessment of Mrs. Krone's condition on admission, at appropriate regular intervals and after a significant change in her condition;

r. Failing to properly supervise the administrators and management of Grace Health & Rehab of Grenada;

s. Failing to adequately supervise nursing personnel, agents and other employees to ensure that Mrs. Krone received care in compliance with applicable laws,

8

       regulations, standards and the nursing home policies and procedures manual;

t. Failing to provide necessary treatment and services to promote healing;

u. Failing to properly train and supervise direct care workers to deal with residents such as those with conditions similar as to those of Ms. Krone;

v. Failing to provide appropriate care to prevent and treat infections;

w. Encouraging or at least condoning cost cutting measures that have a negative effect on the quality and quantity of resident care;

x. Encouraging or at least condoning actions designed to disguise the failure to provide sufficient resources to provide appropriate food, shelter, and such other care as the condition of residents reasonably required, such as, but not limited to staffing up prior to an expected survey or inspection.

21. As a direct result of Defendants' negligence and the negligence of their agents, servants, officers, and employees, Ms. Krone was caused to sustain serious personal injuries, endure great physical pain and severe mental anguish, become liable for extensive expenses for medical and hospital care and treatment or lose her life, all of which damages will be in an amount to be proven at trial, but are in excess of the jurisdictional amount of this Court.

22. The aforementioned acts of negligence included physical contact with Mrs. Krone, and were outrageous and performed wilfully, wantonly, and with complete disregard of her rights, and in reckless indifference to the rights of others, and those acts further shock the conscience of the community;

23. Upon information and belief, Defendants failed to carry out these duties which constitutes a violation of Miss. Code Ann. § 43-47-19 which makes it unlawful for any person "to commi[t]

9

an act or omi[t] the performance of any duty, which act or omission contributes to, tends to contribute to or results in the abuse, neglect or exploitation of any vulnerable adult ... ." This failure contributed to or tended to contribute to abuse, neglect or exploitation of Ms. Krone. Betty Orrell Krone falls within the class of persons this statute is intended to protect, thus entitling her to adopt such laws as the standard of care for measuring Defendants' conduct. Thus, the Plaintiffs assert that the conduct of the Defendants amounts to negligence per se, entitling Plaintiffs to damages for personal injury to Betty Orrell Krone and punitive damages for the wilful, wanton and/or capricious conduct of these Defendants in proximately causing and/or contributing to the above described damages.

24. Upon information and belief, Defendants wrongfully failed to carry out these duties which failure proximately caused injuries to Ms. Krone. Separate and apart from Miss. Code Ann. § 43-47-19, NURSING HOME and OWNER'S conduct failed to meet the standard of care in the nursing home industry owed by providers of skilled nursing home staff to residents such as Mrs. Krone thus constituting common law negligence and gross negligence, entitling Plaintiffs to damages for personal injury to Ms. Krone and punitive damages for the wilful, wanton and/or capricious conduct of these Defendants in proximately causing and/or contributing to the above described damages.

## COUNT II

## LOSS OF CHANCE

25. Plaintiff incorporates by reference the previous paragraphs of this Complaint as if fully re-written herein.

26. That the actions of all of the Defendants in this action reduced Betty Orrell Krone's chance of

recovery and/or chance to maintain a certain level of health and as a direct result of Defendants' actions, Plaintiff was damaged in an amount to be proven at trial but in excess of the jurisdictional limits of this Court.

## COUNT III

## INFLICTION OF EMOTIONAL DISTRESS

27. Plaintiff incorporates by reference the previous paragraphs of this Complaint as if fully re-written herein.

28. The acts of each of the Defendants set forth above were outrageous and performed wilfully, wantonly, and with complete and reckless disregard of Betty Orrell Krone's rights and the rights of her family, and those acts further shock the conscience of the community and caused Plaintiffs to suffer severe mental anguish and emotional distress.

## COUNT IV

## WRONGFUL DEATH

29. Plaintiff incorporates by reference the previous paragraphs of this Complaint as if fully re-written herein.

30. The negligent and wrongful acts of each of the Defendants set forth above was a proximate contributing cause of the death of Betty Orrell Krone.

31. As a result of the death of Betty Orrell Krone, caused by Defendants wrongful actions, Plaintiffs have suffered damages including funeral and medical expenses of Betty Orrell Krone, the present net cash value of her life expectancy, the loss of society and companionship, the pain and suffering experienced by Ms. Krone between the time of injury and the subsequent demise.

11

32. As Betty Orrell Krone's death was caused by acts which constitute gross negligence, Plaintiffs are entitled to exemplary or punitive damages for the wilful, wanton and/or capricious conduct of these Defendants in proximately causing and/or contributing to the above described damages.

WHEREFORE, Plaintiffs pray for:

1. Judgment on Count I of this Complaint in an amount to be proven at trial, but in excess of the jurisdictional amount of this Court;

2. Judgment on Count II of this Complaint in an amount to be proven at trial, but in excess of the jurisdictional amount of this Court;

3. Judgment on Count III of this Complaint in an amount to be proven at trial, but in excess of the jurisdictional amount of this Court;

4. Judgment on Count IV of this Complaint in an amount to be proven at trial, but in excess of the jurisdictional amount of this Court;

5. Exemplary and punitive damages on each Count herein in an amount reasonably calculated to prevent the culpable Defendants and others from engaging in such conduct in the future;

6. Past mental and physical pain, distress, suffering and inconvenience in an amount to be proven at trial;

7. Past medical expenses in an amount to be proven at trial;

8. Wrongful Death Beneficiaries which include but are not limited to, the present net cash value of Decedent's life, the loss of society, companionship, training and guidance and cost of administering the Estate of Betty Orrell Krone, Deceased;

9. Miscellaneous expenses incurred by Plaintiffs, including but not limited to travel expenses, necessitated by the negligent acts of any of the Defendants or those whose actions they were responsible for;

10. Pre-judgment and post-judgment interest where applicable;

11. For Trial by Jury on those issues so triable;

12. For Plaintiff's costs, including reasonable attorney's fees, incurred in connection with this matter; and

13. For any and all other relief to which Plaintiff may be entitled in law or equity.

Respectfully submitted,

_____
GEORGE F. HOLLOWELL, JR.
Attorney for Plaintiffs
P.O. Drawer 1407
Greenville, MS 38702-1407
Telephone: (662) 378 3103
Facsimile: (662) 378 3420
MSBN: 2559

## ATTORNEY'S AFFIDAVIT OF PRE-CERTIFICATION

I, George F. Hollowell, Jr., have reviewed the facts of this case and have consulted with an expert qualified to give expert testimony as to the standard of care and/or negligence and said expert is knowledgeable in the relevant issues involved in this particular action. I have concluded that upon the basis of my review and consultation that there is a reasonable basis for the commencement of this action.

THIS, the 30th day of APRIL, 2014.

_____
GEORGE F. HOLLOWELL, JR.

**STATE OF MISSISSIPPI**
**COUNTY OF WASHINGTON**

SWORN TO AND SUBSCRIBED BEFORE ME, on this the 30th day of April, 2014.

_____
Notary Public

My Commission Expires:
March 28, 2018

[SEAL]
NOTARY PUBLIC
STATE OF MISSISSIPPI
ID # 95612
AMY PIERONI
Commission Expires
March 28, 2018
WASHINGTON COUNTY

**FILED**
APR 3 0 2014
LINDA BARNETTE, CIRCUIT CLERK
By: _____ D.C.